MORGAN R. BUTLER, III, Corporation Counsel Ozaukee County
You request my opinion on the following question:
 Is it a violation of age discrimination prohibitions found at 29 U.S.C. § 623 to require protective occupation participants in the Wisconsin Retirement Fund to pay their own employee contribution when they are 55 or older, when younger officers have their employee contribution paid by the County?
The basis for your question is a negotiated collective bargaining agreement (confirmed by county ordinance) wherein Ozaukee County agrees to pay the employe contributions to the Wisconsin Retirement Fund (WRS) for deputy sheriffs under age fifty-five but not for those over age fifty-five.
Section 40.05 (1) and (2), Stats., requires contributions from both the employer and employes to fund WRS participation. The employe required contribution may, by virtue of section 40.05
(1)(b), be paid in whole or in part by the employer on the employe's behalf. This section reads in part:
 (b) In lieu of employe payment, the employer may pay all or part of the contributions required by par. (a), but all the payments shall be available for benefit purposes to the same extent as required contributions deducted from earnings of the participating employes. Action to assume employe contributions as provided under this paragraph shall be taken at the time and in the form determined by the governing body of the participating employer.
The county has, under a collective bargaining agreement with its deputy sheriffs, agreed to pay the required employe contributions only for those deputy sheriffs under age fifty-five. It is my opinion *Page 92 
that this is a violation of the age discrimination provisions of the Age Discrimination In Employment Act of 1967 (Act), 29 U.S.C. §§ 621-34. The fact that the discrimination was agreed to via collective bargaining does not ameliorate the violation since "the statute's prohibition of age discrimination in employment takes precedence over a collective bargaining agreement." Levinev. Fairleigh Dickinson University, 646 F.2d 825, 832 (3rd Cir. 1981).
The Act, at 29 U.S.C. § 623 (a)(1), makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." Section 623 (f)(2) of the Act provides, however, that it is not unlawful for an employer:
 [T]o observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter, except that no such employee benefit plan shall excuse the failure to hire any individual . . . .
The WRS, a bona fide retirement plan under the Act, does not distinguish between contributions required for those under age fifty-five and those over age fifty-five but requires employe contributions from or on behalf of all active participants. Employe contributions are required from or on behalf of all "participating employes" regardless of age. Sec. 40.05 (1)(a), Stats. "Participating employe" is defined at section 40.02 (46) as "an employe who is currently in the service of, or an employe who is on a leave of absence from, a participating employer under the Wisconsin retirement system . . . ." No distinction is made relating to the payment of employe required contributions based upon attaining a specific age. It cannot be said then that the county determination not to pay employe contributions on behalf of those employes over age fifty-five constitutes "observing the terms of . . . a bona fide retirement . . . plan."
The Department of Labor, in its interpretative rules at 29 C.F.R. § 860.120 (c) (1967), states:
 In order for a bona fide employee benefit plan which provides lower benefits to older employees on account of age to be within the section 4 (f)(2) exception, the lower benefits must be provided in "observ[ance of] the terms of" the plan. As this statutory text *Page 93 
makes clear, the section 4 (f)(2) exception is limited to otherwise discriminatory actions which are actually prescribed by the terms of a bona fide employee benefit plan. Where the employer, employment agency, or labor organization is not required by the express provisions of the plan to provide lesser benefits to older workers, section 4 (f)(2) does not apply. Important purposes are served by this requirement. Where a discriminatory policy is an express term of a benefit plan, employees presumably have some opportunity to know of the policy and to plan (or protest) accordingly. Moreover, the requirement that the discrimination actually be prescribed by a plan assures that the particular plan provision will be equally applied to all employees of the same age. Where a discriminatory provision is an optional term of the plan, it permits individual, discretionary acts of discrimination, which do not fall within the section 4 (f)(2) exception.
Section 860.120 has been adopted by the Equal Employment Opportunity Commission as part of its enforcement policy in line with the transfer of enforcement of the Act to it from the Department of Labor. See 44 Fed. Reg. 68860 (1979) and29 C.F.R. § 1625.10. The county agreement, requiring only those over age fifty-five to pay contributions, is not a required term of the WRS and therefore does not fall within the section 4 (f)(2) exception.
I therefore conclude that the collective bargaining agreement and the implementing county ordinance are in violation of the Act.
BCL:WMS